# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.:

VICENTE FLORES ROSALES,
YESENIA CASTILLO, and
RUBITH GONZALEZ
on their own behalf and
on behalf of all others similarly situated,

Plaintiffs,

v.

PRESTIGE MAINTENANCE USA, LTD.,

Defendant.

---

## CLASS AND COLLECTIVE ACTION COMPLAINT FOR UNPAID WAGES

---

Plaintiffs Vicente Rosales Flores, Yesenia Castillo and Rubith Gonzalez, by and through undersigned counsel, file this Class and Collective Action Complaint for Unpaid Wages against Defendant Prestige Maintenance USA, Ltd. Plaintiffs assert their claims on behalf of themselves and of all others similarly situated.

### STATEMENT OF THE CASE

1. The Plaintiffs and those similarly situated ("others") are or were employed by Defendant as janitors to clean the facilities of commercial customers within the State of Colorado.

2. Defendant sold cleaning services to customers throughout the state of Colorado

and across the United States.

3. Defendant contracted with third-party subcontractors to secure the labor of the Plaintiffs and others, to satisfy Defendant's contractual obligations to its commercial customers.

4. Defendant secured the contracts pursuant to which Plaintiff and others cleaned, scheduled their work hours, recorded their work hours, promulgated and enforced work rules, monitored the quality of their work, supplied them with work tools and materials, and billed its customers for the cleaning work Plaintiff and others performed, while wearing Defendant's insignia. Defendant held the Plaintiffs and others out to their customers and to the public as working for Defendant.

5. Defendant failed to pay the Plaintiff and others required minimum and overtime wages.

6. Defendant failed to provide the Plaintiff and others paid sick leave required by the Colorado Healthy Families and Workplaces Act, C.R.S. § 8-13.3-401, *et. seq.* ("HFWA").

7. This suit seeks recovery of unpaid wages due for work performed between November 7, 2020 and the present.

8. Defendant's conduct violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq.*, the Colorado Wage Claim Act (the "CWCA"), C.R.S. § 8-4-101 *et. seq.* as implemented by the Colorado Overtime and Minimum Pay Standards ("COMPS") Order, 7 CCR 1103-1, and the Colorado Healthy Families and Workplaces Act, C.R.S. § 8-13.3-401, *et. seq.* ("HFWA").

9. Defendant violated the FLSA because that Act requires employers to pay their employees not less than $7.25 for each hour worked. 29 U.S.C. § 206.

10. Defendant violated the FLSA because that Act requires employers to pay their employees not less than one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty in a given workweek. 29 U.S.C. § 207.

11. Defendant violated the COMPS Order because it requires employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty in a given workweek.

12. Defendant violated the CWCA, as implemented by the COMPS Order, because that Act requires employers to pay their former employees all wages or compensation earned, vested, determinable and unpaid. C.R.S. § 8-4-109. Such earned, vested and determinable wages and compensation includes all minimum, overtime and paid sick leave wages due under federal and/or state law.

## PARTIES, JURISDICTION, AND VENUE

13. Plaintiff Vicente Flores Rosales was employed by Defendant as a janitor between approximately May of 2022 and October 30, 2023. During that time, he performed work cleaning the Kohl's store located at 8660 S. Quebec St., Lone Tree, CO 80124. Plaintiff Flores Rosales' signed FLSA Consent Form is attached as Exhibit 1 to this Complaint.

14. Plaintiff Yesenia Castillo was employed by Defendant as a janitor from approximately October of 2020 through approximately July 20, 2023. During that time she performed work cleaning the Kohl's store located at 3150 S. Wadsworth Blvd. Lakewood, CO 80227. Plaintiff Castillo' signed FLSA Consent Form is attached as Exhibit 2 to this Complaint.

15. Plaintiff Rubith Gonzalez has been employed by Defendant as a janitor since approximately November of 2022. During that time she has performed work cleaning the Kohl's store located at 3150 S. Wadsworth Blvd. Lakewood, CO 80227. Plaintiff Gonzalez's signed FLSA Consent Form is attached as Exhibit 3 to this Complaint.

16. Defendant Prestige Maintenance USA, Ltd. ("Prestige" or "Company") is a Texas Limited Partnership with a principal office address of 1808 10th St Ste 300, Plano, TX 75074.

17. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the laws of the United States. This action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

18. Plaintiffs request that this Court exercise its supplemental jurisdiction over their claims under the Colorado Wage Claim Act, C.R.S. § 8-4-101 et seq. ("CWCA").

19. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1), because Defendant regularly conducts business in the District of Colorado, is subject to personal jurisdiction in this District, and is therefore deemed to reside in this District. 28 U.S.C. § 1391(c)(2).

20. Venue is also proper pursuant to 28 U.S.C. § 1391(b)(2), because events and omissions giving rise to Plaintiff's claims occurred in the District of Colorado.

## FACTUAL ALLEGATIONS

21. The Defendant has employed the Plaintiffs and many others similarly situated ("others") to clean commercial work sites in Colorado.

22. Defendant has employed others similarly situated to clean commercial work sites in Illinois, Indiana, Louisiana, Maryland, Minnesota and Missouri.

23. Defendant employed persons, including the Plaintiffs and many others within the State of Colorado.

24. Defendant employs janitors to clean over twenty-four commercial work sites

located across the State of Colorado.

25. Plaintiffs and others performed labor for the benefit of Defendant wherein Defendant commanded when, where, and how much labor Plaintiffs and others were to perform.

26. Defendant operated an enterprise whose aggregated, annual gross volume of sales made or business done was not less than $500,000.00.

27. Defendant employed the Plaintiffs and others in interstate commerce.

28. Defendant obtained, assigned, scheduled, directed and controlled the work of Plaintiffs and others.

29. Defendant secured the contracts pursuant to which Plaintiff and others cleaned.

30. Defendant negotiated the price Defendant's customers would pay for each hour of work the Plaintiffs and other similarly situated cleaners would perform at the customer's premises.

31. Defendant scheduled the hours Plaintiffs and others worked.

32. Defendant refers to the Plaintiffs and others as "employees".

33. The hours Defendant schedules the Plaintiffs and others to work appear on a document entitled "Employee Schedule".

34. Defendant recorded and monitored the hours the Plaintiffs and others worked.

35. Defendant made and enforced work rules applicable to the Plaintiffs and others.

36. Defendant monitored the quality of the work Plaintiffs and others performed.

37. Defendant interviewed the Plaintiffs and others for placement at their cleaning jobs.

38. Defendant had the right to remove the Plaintiffs and others from the cleaning jobs they performed.

39. Defendant had the right to prohibit the Plaintiffs and others from assignment to the cleaning jobs Plaintiffs performed.

40. Defendant supplied the Plaintiffs and others with work tools and materials.

41. Defendant billed its customers for the cleaning work Plaintiff and others performed.

42. Defendant monitored the number of hours the Plaintiffs and others worked cleaning the sites Defendant's customers contracted Defendant to clean.

43. Defendant billed its customers hourly for each hour the Plaintiffs and others worked cleaning the sites Defendant's customers contracted Defendant to clean.

44. Defendant carried insurance covering acts and omissions of the Plaintiffs and others during their performance of cleaning work at sites Defendant's customers contracted Defendant to clean.

45. Defendant carried insurance covering injuries to the Plaintiffs and others during their performance of cleaning work at sites Defendant's customers contracted Defendant to clean.

46. Plaintiffs and others wore Defendant's insignia while cleaning.

47. Defendant held the Plaintiffs and others out to their customers and to the public as working for Defendant.

48. Defendant failed to pay the Plaintiffs and others required minimum and overtime wages for their cleaning work.

49. Defendant did not pay the Plaintiffs and others similarly situated itself. Defendant instead utilized purportedly independent third parties to make payments to the Plaintiffs and others similarly situated. Defendant did this in an attempt to insulate itself from liability for labor standards violations like those presented in this case, of which Defendant was aware.

**Failure to Pay Minimum Wage**

50. Between June 1, 2023 and July 9, 2023, Plaintiff Vicente Flores Rosales worked 142 uncompensated hours cleaning for Defendant. Between October 1, 2023 and October 29, 2023 he worked 30 additional uncompensated hours cleaning for Defendant. Despite numerous requests, Defendant has failed to pay Plaintiff Vicente Flores Rosales any wages at all for these hours.

51. Between June 23, 2023 and July 7, 2023, Plaintiff Yesenia Castillo worked 67 hours cleaning for Defendant. Despite numerous requests, Defendant has failed to pay Plaintiff Yesenia Castillo any wages at all for those hours.

52. Between June 23, 2023 and July 7, 2023, Plaintiff Rubith Gonzalez worked 38 hours cleaning for Defendant. Despite numerous requests, Defendant has failed to pay Plaintiff Rubith Gonzalez any wages at all for those hours.

**Failure to Pay Overtime Wages**

53. Defendant failed to pay Plaintiffs Vicente Flores Rosales and Yesenia Castillo and others similarly situated for all hours worked at required overtime wage rates.

54. Plaintiffs and others regularly worked more than 40 hours per week for Defendant.

55. Plaintiffs and others were regularly paid for all hours worked for Defendant at a flat hourly rate, which was not increased to include mandatory overtime premiums.

56. For example, in the pay period running from November 1, 2022 through November 15, 2022, Plaintiff Vicente Flores Rosales worked 121 hours for Defendant. Plaintiff Flores Rosales was paid for all such hours at the rate of $14.00 per hour. This rate was not increased to pay mandatory overtime premiums.

57. For example, in the pay period running from September 1, 2022 to September 15, 2022, Plaintiff Yesenia Castillo worked 87.5 hours for Defendant. Plaintiff Yesenia Castillo

was paid for all such hours at the rate of $14.00 per hour. This rate was not increased to pay mandatory overtime premiums.

## COLLECTIVE ACTION ALLEGATIONS

58. Plaintiffs Vicente Flores Rosales and Yesenia Castillo bring their Count II claims under the Fair Labor Standards Act as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of themselves and on behalf of all similarly situated current and former employees. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this "216(b) Class" as follows:

> All individuals who (i) between November 7, 2020 and the present (ii) performed cleaning work for a customer of Prestige Maintenance USA, Ltd. (iii) for whose work Prestige Maintenance USA received payment (iv) who were themselves paid by a third party rather than by Prestige Maintenance USA, and (v) who worked in excess of 40 hours in a given workweek.

59. The relevant time period dates back three years from the date on which this Complaint was filed because the FLSA provides a three-year statute of limitations for claims of willful violations brought under the Act. 29 U.S.C. § 255(a).

60. All potential 216(b) Class Members are similarly situated because they worked for Defendant subject to common policies and practices which denied workers required overtime wages.

61. The Plaintiffs and those similarly situated have, at one or more times, worked overtime hours in excess of forty (40) in a workweek for Defendant. Under § 207 of the FLSA, all overtime hours are payable at a rate of not less than one-and- one-half times the regular hourly rate. Defendant failed to pay Plaintiffs and others all required overtime wages due. Upon information and belief, all members of the putative collective action were subject to those policies. Upon information and belief, Defendant's unlawful pay practices have been maintained and applied for the last three years.

## CLASS ACTION ALLEGATIONS

62. Plaintiffs Vicente Flores Rosales, Yesenia Castillo and Rubith Gonzalez bring their Count III claims under the Colorado Wage Claim Act ("CWCA") on behalf of a putative Fed.R.Civ.P. 23(b)(3) Class preliminarily defined as:

> All individuals who (i) between November 7, 2020 and the present (ii) performed cleaning work in Colorado for a customer of Prestige Maintenance USA, Ltd. (iii) for whose work Prestige Maintenance USA received payment, and (iv) who were themselves paid by a third party rather than by Prestige Maintenance USA.

63. Plaintiffs and the class they allege meet the applicable requirements of Fed. R.Civ. P. 23(a): the members of the class are too numerous to practicably join, claims of individual class members originate from common questions of law and fact, named Plaintiffs poses claims typical and representative of the claims of the class, and they will fairly and adequately represent the class' interests.

64. Because common questions of law and fact predominate, class status is the superior method of handling this case. Fed. R. Civ. P. 23(b)(3). Plaintiffs are not aware of any litigation concerning the controversy that has already begun, there is a desirability of concentrating the litigation in this forum, there has been no interest expressed by class members to individually control the prosecution of this action, and there are no likely difficulties in managing a class action.

65. While the exact numbers of the members of the alleged classes are unknown to Plaintiffs at this time, and can only be ascertained through appropriate discovery, Plaintiffs believe that there are over 100 individuals in each of the alleged classes.

66. Common questions of law and fact exist as to the alleged classes that predominate

over any questions affecting only the class members individually. These common questions include, but are not limited to the following:

    a. Whether Defendant was a statutory joint employer of the Plaintiffs and others, liable for any violations of the CWCA; and

    b. Whether Defendant failed to pay overtime compensation for all hours worked in excess of 40 in a week.

### COUNT I – Failure to Pay Minimum Wage
### Violation of the FLSA (29 U.S.C. § 201 *et seq.*)

67. Plaintiffs repeat and reallege each of the allegations contained in preceding paragraphs as if fully set forth herein.

68. Plaintiffs Vicente Flores Rosales, Yesenia Castillo and Rubith Gonzalez assert this Count on their own behalf only.

69. Plaintiffs were "employees" as that term is defined by the FLSA. 29 U.S.C. § 203(e).

70. Defendant "employed" the Plaintiffs as that term is defined by the FLSA. 29 U.S.C. § 203(g).

71. Defendant was Plaintiffs' "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

72. Defendant employed the Plaintiffs and others in an enterprise "engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

73. Defendant violated the FLSA when it failed to pay the Plaintiffs the required minimum wage for all hours worked. 29 U.S.C. § 206.

74. This violation occurred as set forth in ¶¶50-52 *supra*.

75. Defendant' violations of the FLSA were willful. 29 U.S.C. § 255(a).

76. Plaintiff and others have suffered lost wages and lost use of those wages in an

amount to be determined at trial.

77. Plaintiff and others are entitled to recover unpaid overtime wages, liquidated damages, attorney's fees and costs. 29 U.S.C. § 216(b).

## COUNT II – Failure to Pay Overtime Wages
## Violation of the FLSA (29 U.S.C. § 201 *et seq.*)

78. Plaintiffs repeat and reallege each of the allegations contained in preceding paragraphs as if fully set forth herein.

79. Plaintiffs Vicente Flores Rosales and Yesenia Castillo assert this Count on their own behalf and on behalf of all others similarly situated. 29 U.S.C. § 216(b).

80. Plaintiffs preliminarily defines this "216(b) Class" as follows:

All individuals who (i) between November 7, 2020 and the present (ii) performed cleaning work for a customer of Prestige Maintenance USA, Ltd. (iii) for whose work Prestige Maintenance USA received payment (iv) who were themselves paid by a third party rather than by Prestige Maintenance USA, and (v) who worked in excess of 40 hours in a given workweek.

81. Plaintiffs and others were "employees" as that term is defined by the FLSA. 29 U.S.C. § 203(e).

82. Defendant "employed" the Plaintiffs and others as that term is defined by the FLSA. 29 U.S.C. § 203(g).

83. Defendant was the Plaintiffs' and others' "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

84. Defendant employed the Plaintiffs and others in an enterprise "engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

85. Defendant violated the FLSA when it failed to pay the Plaintiffs and others similarly situated overtime premiums for all hours worked beyond forty in each given workweek. 29 U.S.C. § 207.

86. Defendant's violations of the FLSA were willful. 29 U.S.C. § 255(a).

87. Plaintiffs and others have suffered lost wages and lost use of those wages in an amount to be determined at trial.

88. Plaintiffs and others are entitled to recover unpaid overtime wages, liquidated damages, attorney's fees and costs. 29 U.S.C. § 216(b).

## COUNT III – Violation of Colorado Wage Claim Act C.R.S. § 8-4-109

89. Plaintiffs repeat and re-allege each of the allegations above as if fully set forth herein.

90. Plaintiffs Vicente Flores Rosales, Yesenia Castillo and Rubith Gonzalez present this claim on their own behalf and on behalf of the C.R.C.P. 23(b)(3) class of others similarly situated ("others") preliminarily defined as:

> All individuals who (i) between November 7, 2020 and the present (ii) performed cleaning work in Colorado for a customer of Prestige Maintenance USA, Ltd. (iii) for whose work Prestige Maintenance USA received payment, and (iv) who were themselves paid by a third party rather than by Prestige Maintenance USA.

91. Defendant is or was the "employer" of Plaintiffs and others because it suffered or permitted them to work and acted directly or indirectly in the interests of an employer in relation to the Plaintiffs and others. C.R.S. § 8-4-101(6).

92. Plaintiffs and others were Defendant's "employees" because they performed labor for the benefit of Defendant in which Defendant commanded when, where, and how much labor or services would be performed, and exercised control over the Plaintiffs and others, who performed the primary work of their Defendant employer. C.R.S. § 8-4-101(5).

93. Defendant has failed to pay the Plaintiffs and others overtime wages for hours worked in excess of 40 in a workweek. 7 CCR 1103-1(4.1).

94. Defendant deprived the Plaintiffs and others of overtime wages due under the

12

COMPS Order. 7 CCR 1103-1(4.1).

95. Unpaid overtime wages constitute "wages" recoverable through the Colorado Wage Claim Act. C.R.S. § 8-4-101(14)(a)(I).

96. Plaintiffs and others are entitled to recover in a civil action the unpaid balance of the full amount of the wages owed to them, any statutory penalties due, and any costs or attorney's fees due. C.R.S. § 8-4-109; C.R.S. § 8-4-110.

### COUNT IV – Violation of Colorado Wage Claim Act C.R.S. § 8-4-109

97. Plaintiffs repeat and re-allege each of the allegations above as if fully set forth herein.

98. Plaintiffs Vicente Flores Rosales, Yesenia Castillo and Rubith Gonzalez present this claim on their own behalf only.

99. Defendant violated the CWCA when it failed to pay the Plaintiffs the required minimum wage for all hours worked.

100. This violation occurred as set forth in ¶¶50-52 *supra*.

101. Defendant deprived the Plaintiffs minimum wages due under the COMPS Order. 7 CCR 1103-1(3); 7 CCR 1103-14(1.2)(A).

102. Unpaid minimum wages constitute "wages" recoverable through the Colorado Wage Claim Act. C.R.S. § 8-4-101(14)(a)(I).

103. Plaintiffs are entitled to recover in a civil action the unpaid balance of the full amount of the wages owed to them, any statutory penalties due, and any costs or attorney's fees due. C.R.S. § 8-4-109; C.R.S. § 8-4-110.

# **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray that:

As to their Count I claim brought under the FLSA, Plaintiffs respectfully request an Order from the Court that:

   a. Plaintiffs be awarded unpaid minimum wages;

   b. Plaintiffs be awarded liquidated damages as required by law;

   c. Plaintiffs be awarded costs and attorney fees as per 29 U.S.C. § 216(b); and

   d. Plaintiffs be awarded such other and further relief as may be necessary and appropriate.

As to their Count II Claims brought under the Fair Labor Standards Act, Plaintiffs respectfully request an Order from the Court that:

   a. This Count be certified to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

   b. Plaintiffs and others similarly situated be awarded the unpaid balance of the full amount of overtime wages owed to them;

   c. Plaintiffs and others similarly situated be awarded liquidated damages as required by law;

   d. Plaintiffs and others similarly situated be awarded costs and attorney fees as per 29 U.S.C. § 216(b); and

   e. Plaintiffs and others similarly situated be awarded such other and further relief as may be necessary and appropriate.

As to their Count III Claim brought pursuant to the CWCA, Plaintiffs respectfully request an Order from the Court that:

   a. This action be certified as a class action pursuant to C.R.C.P. 23(b)(3);

   b. Plaintiffs be certified as the class representatives of the Rule 23(b)(3) Class;

   c. Undersigned counsel be appointed class counsel;

    d. Prompt notice of this litigation be sent to all potential Class Members;

    e. Awards the Plaintiffs and others the unpaid balance of the full amount of the overtime wages owed to them, any statutory penalties due, and any costs or attorney's fees due. C.R.S. § 8-4-109; C.R.S. § 8-4-110.

    f. Plaintiffs and the Class be awarded such other and further relief as may be necessary and appropriate.

As to their Count IV Claim brought pursuant to the CWCA, Plaintiffs respectfully request an Order from the Court that:

    a. Plaintiffs be awarded the unpaid balance of the full amount of minimum wages owed to them and any penalties, costs or attorney's fees due. C.R.S. § 8-4-109; C.R.S. § 8-4-110.

    b. Plaintiff be awarded such other and further relief as may benecessary and appropriate.

Respectfully Submitted,

***/s/ Andrew H. Turner***
Andrew H. Turner
CO Atty. Reg. # 43869
MILSTEIN TURNER, PLLC
1490 Lafayette St. #304
Denver, CO. 80218
303-305-8230
andrew@milsteinturner.com

***Counsel for Plaintiffs***