IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02895-DDD-NRN

VICENTE FLORES ROSALES,
YESENIA CASTILLO, and
RUBITH GONZALEZ
on their own behalf and on behalf of all others similarly situated,

Plaintiffs,

v.

PRESTIGE MAINTENANCE USA, LTD.,

Defendant.

---

**ORDER ON DEFENDANTS' MOTION FOR JOINDER AND ADDITIONAL RELIEF
(ECF. No. 17)**

---

**N. REID NEUREITER**
**United States Magistrate Judge**

This matter comes before the Court on Defendant Prestige Maintenance, USA,

LTD's ("Prestige") Motion for Joinder and Additional Relief (the "Motion"). ECF No. 17.

The Motion was referred to me by Judge Domenico on February 15, 2024. *See* ECF

No. 18. Plaintiffs Vicente Flores Rosales, Yesenia Castillo, and Rubith Gonzalez

("Plaintiffs") filed a response on March 4, 2024. ECF No. 19. Prestige filed a reply on

March 18, 2024. ECF No. 20. I heard argument on the motion during the Scheduling

Conference conducted on April 2, 2024. *See* ECF No. 24. Having considered the

arguments of the Parties and related briefing, Prestige's Motion will be **DENIED**.

## BACKGROUND

This is a lawsuit brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., the Colorado Wage Claim Act ("CWCA"), Colo. Rev. Stat. § 8-4-101 et seq., and the Colorado Healthy Families and Workplaces Act ("HFWA"), Colo. Rev. Stat. § 8-13.3-401, et seq. Plaintiffs allege that they were employed by Prestige as janitors to clean facilities of commercial customers within the state of Colorado. ECF No. 7 ¶ 1. It is alleged that Prestige sold cleaning services to customers throughout the state. *Id.* ¶ 2. Plaintiffs acknowledge that Prestige contracted with third-party subcontractors to secure their labor to satisfy Prestige's contractual obligations to its commercial customers. *Id.* ¶ 3. Plaintiffs have not sued the third-party subcontractors.

Nevertheless, Plaintiffs allege that they performed labor for the benefit of Prestige and Prestige commanded when, where, and how much labor Plaintiffs and others were to perform. *Id.* ¶ 26. Prestige referred to Plaintiffs and others as "employees." *Id.* ¶ 33. Prestige obtained, assigned, scheduled, directed, and controlled the work of Plaintiffs. *Id.* ¶ 29. Prestige secured the contracts pursuant to which Plaintiffs cleaned, and negotiated the price Prestige's customers would pay for each hour of work that the Plaintiffs and other similarly situated cleaners would perform at the customer's premises. *Id.* ¶¶ 29–31. Prestige scheduled Plaintiffs and others to work via a document entitled "Employee Schedule." Prestige recorded and monitored the hours Plaintiffs and others worked. Prestige made and enforced work rules applicable to the Plaintiffs. Prestige monitored the quality of the work Plaintiffs and others performed. *Id.* ¶¶ 34–37. Prestige actually interviewed Plaintiffs and others for placement at their cleaning jobs and supplied Plaintiffs with work tools and materials. *Id.* ¶¶ 38, 41.

Plaintiffs also allege that Prestige held them and others out to its customers and to the public as working for Prestige. *Id*. ¶ 48.

Finally, it is alleged that Prestige failed to pay Plaintiffs the required minimum and overtime wages for their cleaning work, failed to provide required paid sick leave as required by state law. Instead, Plaintiffs allege that Prestige utilized purported "independent" third parties to make payments and did so in an attempt to insulate itself from liability for labor standards violations, of which Prestige was aware. *Id*. ¶ 51.

### PRESTIGE'S MOTION FOR JOINDER

Prestige moves for "Joinder and Additional Relief," seeking to add as defendants, under Rule 20 of the Federal Rules of Civil Procedure, three third-party subcontractors: Marhen Cleaning, Inc. ("Marhen"), Bruno's Services Corporation ("Bruno's"), and Synergy Cleaning Services, LLC ("Synergy"). *See* ECF No. 17. Prestige asserts that it is "<u>simply not true</u>" that Plaintiffs were "employed by Prestige." *Id*. at 2. Prestige supposedly "has no records of employing or pay Plaintiffs at any time." *Id*. Instead, Prestige asserts that, as Plaintiffs acknowledge in their Amended Complaint, Plaintiffs were "employed and paid by 'independent third parties'" who contracted with Prestige to provide the custodial services in question. *Id*. Prestige thus argues that Plaintiff's "actual employers"—the third parties—are "necessary parties to this case" and should be joined as defendants to address and be held responsible for Plaintiffs' claims. *Id*.

In support of its motion, Prestige has provided copies of the third-party contracts with Marhen, Bruno's, and Synergy, which recite, among other things, that: (1) the individuals employed or utilized by the third-party subcontractors "are not common law employees of [Prestige]"; (2) the third-party subcontractors are "solely responsible" for

compliance with all state and federal wage and hour laws; (3) the third-party contractors are "solely responsible for hiring, termination, direction, control and conduct" of its workers; and (4) the third-party contractors were to compensate the employees "on an hourly basis in compliance with all applicable federal, state, and local laws, including but not limited to the applicable minimum wage requirements." *Id.* at 3.

Prestige also asserts (and has provided affidavits and other records supporting the assertions) that it has never technically employed Plaintiffs, and the third-party contractors were Plaintiffs' actual employers. Indeed, Prestige's lawyers have issued letters demanding that the third-party contractors defend, indemnify, and hold Prestige harmless for Plaintiffs' claims. *Id.* at 6.

In sum, Prestige's Motion can be boiled down to one point: Plaintiffs have sued the wrong entity, and the Court should force the correct defendants—the entities who actually employed the Plaintiffs—into the case.

In the event the requested relief of joinder is denied, Prestige requests additional time to designate the subcontractors as "non-parties at fault."

## PLAINTIFFS' POSITION

Plaintiffs object to the proposed joinder. Plaintiffs insist that they have sued the entity they want to sue and nothing in the rules can force Plaintiffs to sue Prestige's business partners if Plaintiffs do not want to. The fact that Prestige may have contractual indemnification rights against Prestige's business partners is between Prestige and its subcontractors.

Plaintiffs explain that the FLSA defines "employer" expansively as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29

U.S.C. § 203(d). The Supreme Court has noted that "[a] broader or more comprehensive coverage of employees within the stated categories . . . would be difficult to frame." *U.S. v. Rosenwasser*, 323 U.S. 360, 362 (1945). Given the breadth of the FLSA's definition, "[t]here may be several simultaneous employers" of any individual worker. *Falk v. Brennan*, 414 U.S. 190, 195 (1973). In addition, the CWCA and the HFWA expressly adopt the FLSA's definition of a liable employer. Colo. Rev. Stat. §§ 8-4-101(6); 8-13.3-402(5)(a).

This broad FLSA definition imposes joint and several liability on each statutory "employer". *Schneider v. Landvest Corp.*, No. 03-cv-02474-WYD-PAC, 2006 WL 322590, at *22 (D. Colo. Feb. 9, 2006) ("Courts have consistently held that a corporate officer with operational control who is directly responsible for a failure to pay statutorily required wages is an "employer" along with the corporation, and is jointly and severally liable for the payment of wages."). Under the FLSA, full relief can be had against any one "employer" named, and other statutory "employers" need not be joined. *See e.g., Iraheta v. Lam Yuen, LLC,* No. CIV.A. DKC 12-1426, 2012 WL 5995689, at *5–6 (D. Md. Nov. 29, 2012) ("[W]here a plaintiff states an FLSA claim against a defendant who is alleged to be his employer, an unnamed co-employer is not a necessary party who should be joined . . . . [C]omplete relief can be afforded from the current Defendants without joining any additional co-employers[.]").

### DECISION

Here, Plaintiffs have sued an entity that they think they can prove is an "employer," as defined under the relevant statutes. If Prestige believes it is not an employer under the law, then Prestige has its defense to the claims in the case: it never

employed Plaintiffs and cannot be liable under the wage and hour statutes. But that does not mean it can compel the Plaintiffs to sue someone else.

It is a general principle of civil litigation that a plaintiff is master of its own complaint. *See Caterpillar Inc v. Williams*, 482 U.S. 386, 392, 395 (1987) (well-pleaded complaint rule makes "the plaintiff the master of the claim" and as "masters of the complaint," plaintiffs can choose under which statute to sue); *Pirotte v. HCP Prairie Village KS OPCO LLC*, 580 F. Supp. 3d 1012, 1025 (D. Kan. 2022) ("But plaintiff is the master of his Complaint . . . and reshaping his allegations so they suit defendants' arguments ignores that governing principle."). Absent a failure to include as a defendant a *required* or *indispensable* party under Rule 19, a plaintiff cannot be forced to sue a party or parties that it does not want to sue.[1]

Here, Plaintiffs, as masters of their complaint, have, for whatever reason (perhaps the perceived deepness of the pocket), chosen to sue only Prestige. That is their right. If Prestige suffers an adverse judgment, then it may have contractual indemnity claims against its subcontractors. But the complexity, time, and expense of a multi-defendant case cannot be forced on Plaintiffs over their objection. Prestige cites no authority that would justify requiring Plaintiffs to sue subcontractors they do not want to sue. Indeed, the rule pursuant to which the motion is brought—rule 20—contemplates only allowing a Plaintiff to join certain parties. Nothing about rule 20 suggests that a defendant can compel the joinder of third parties as defendants over the objection of a plaintiff. Instead, under this rule, it is the plaintiff who "generally has the prerogative of

---

[1] Prestige makes no argument that its subcontractors are *required* parties under Rule 19 whose presence is needed in order to accord complete relief among existing parties.

joining multiple defendants or bringing separate actions . . . ." 7 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1657 (2019 ed). As the Tenth Circuit has explicitly stated, "[W]e agree with the trial court that joinder of defendants under rule 20 is a right belonging to plaintiffs, and only when a right to relief is asserted against each defendant. . . . [A] defendant can not use rule 20 to join a person as an additional defendant." *Helfley v. Textron, Inc.*, 713 F.2d 1487, 1499 (10th Cir. 1983); *see also Nixon v. Guzzetta*, 272 F.R.D. 260 (D.D.C. 2011) (explaining that while rule 20 provides a framework for plaintiffs to permissively join defendants, it does not provide a mechanism for a defendant surgeon to join a hospital as new defendant in medical malpractice action, absent assertion of cross-claim or counterclaim against hospital by surgeon); *Moore v. Cooper*, 127 F.R.D. 422, 422 (D.D.C.1989) ("Rule 20(a) is a rule by which plaintiffs decide who to join as parties and is not a means for defendants to structure the lawsuit."); *Moss v. Spartanburg Cnty. Sch. Dist. No. 7*, 2010 WL 2136642, at *2 (D.S.C. May 25, 2010) ("'[A] defendant cannot use rule 20 to join a person as an additional defendant.'").

## CONCLUSION

For these reasons, Prestige's Motion for Joinder and Additional Relief (ECF No. 17) is **DENIED**.

Prestige requests as alternative relief that it be granted leave to file notices of non-party at fault pursuant to Colo. Rev. Stat. § 13-21-111.5(3)(b) as to Plaintiffs' state law claims. ECF No. 17 pgs. 12-13.

The Court agrees with the Plaintiffs that this request should be denied because such notices of non-party at fault are tort concepts inapplicable to this case. The CWCA

and the HFWA, like the FLSA, impose joint and several liability on all statutory employers. Comparative negligence and fault are tort concepts irrelevant to the statutory claims asserted. Therefore, Prestige's request to file a notice of non-party at fault is also **DENIED**.

Date: June 27, 2024

N. Reid Neureiter
United States Magistrate Judge